IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CERIACO CABRELLIS, | ) | No. C 08-1785 JSW (PR) |
| Petitioner, | ) ) | |
| vs. | ) ) | **ORDER TO SHOW CAUSE** |
| M.C. KRAMER, Warden, | ) ) | |
| Respondent. | ) ) ) ) | (Docket No. 3) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his state court conviction. The petition was filed in the Central District of California, and then transferred here. Good cause appearing, his application to proceed *in forma pauperis* is GRANTED (docket no. 3). This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted of burglary, robbery, false imprisonment, attempting to dissuade a witness from testifying, cutting a utility line. murder, and several sentence enhancements in Alameda County Superior Court. The trial court sentenced him to a term of 14 years and four months in state prison. His appeal to the California Court of Appeal was denied, and the petition for review to the California Supreme Court was also denied. The United States Supreme Court vacated the judgment

1  and remanded for resentencing. Following remand, the California Court of Appeal again
2  denied his appeal and the California Supreme Court again denied the petition for review.
3  Petitioner thereafter filed the instant petition for a writ of habeas corpus.

**DISCUSSION**

I    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    Legal Claims

The petition sets forth the following claims for relief: (1) his sentence violated his right to a jury trial because the trial court imposed an upper term without a jury determination as to whether there were aggravating factors; (2) the sentencing error was not harmless; (3) his rights under the Ex Post Facto Clause were violating following remand; and (4) the imposition of consecutive terms violated his right to a jury. Liberally construed, the allegations are sufficient to warrant a response from Respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should

not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

    3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

    4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    This order terminates Docket No. 3.

    IT IS SO ORDERED.

DATED: May 13, 2008

JEFFREY S. WHITE  
United States District Judge

3

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

CEARIACO CABRELLIS,

       Plaintiff,

  v.

M.C. KRAMER et al,

       Defendant.

                                    /

Case Number: CV08-01785 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 13, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ceariaco Cabrellis V-63705
FOLSOM STATE PRISON (950)
PO Box 950
Represa, CA 95671

Dated: May 13, 2008

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk