IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEARIACO CABRELLIS, | No. C 08-1785 JSW (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY** |
| vs. | |
| M.C. KRAMER, Warden, | |
| Respondent. | |

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set out below, the petition is denied.

## BACKGROUND

An Alameda County jury found Petitioner and codefendant Ricky Sanders guilty of one count of second degree commercial burglary, *see* Cal. Penal Code § 459; two counts of second degree robbery, *see id.* § 211; two counts of false imprisonment, *see id.* § 236; two counts of attempting to dissuade a witness, *see id.* § 136.1(b)(2); and one count of cutting a utility line, *see id.* § 591. The jury also found several facts alleged to support enhancements to be true. He was sentenced to prison for fourteen years and four months. Petitioner and Sanders appealed to the California Court of Appeal, which affirmed the convictions and parts of the sentences, but found errors in some aspects of the sentences. *People v. Sanders*, 2006 WL 1892853, *11 (Cal. App. July 11, 2006).

The court did not remand for re-sentencing, but instead modified the judgment to reflect its holding as to the sentences. *Id.* The California Supreme Court denied Petitioner's petition for review "without prejudice to any relief to which defendant might be entitled after the United States Supreme Court determines in *Cunningham v. California*, 05-6551, the effect of *Blakely v. Washington*, (2004) 542 U.S. 296 and *United States v. Booker* (2005) 543 U.S. 220 on California law." (Ex. D2.)[1]

Petitioner filed a petition for certiorari with the United States Supreme Court. The Court remanded the case for reconsideration in light of the *Cunningham* decision. *See Cunningham v. California*, 127 S. Ct. 856, 871 (2007. The California Court of Appeal recalled the remittitur, reconsidered the issues affected by *Cunningham*, and affirmed the sentence. *People v. Cabrellis*, 2007 WL 2718401, *1-2 (Cal. App. Sept. 19, 2007). The Supreme Court of California denied review.

Because all of Petitioner's issues are sentencing issues, the facts of the offense – a robbery at gunpoint of an electronics store in Berkeley – have only limited relevance. To the extent they are relevant, they are set out in context in the discussion below.

**STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

---

[1] Citations to "Ex." are to the record lodged with the court by the Attorney General.

2

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322 at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

## DISCUSSION

As grounds for habeas relief Petitioner asserts that: (1) his sentence violated his right to a jury trial because the trial court imposed an upper term without a jury determination as to whether there were aggravating factors; (2) the sentencing error was not harmless; (3) his rights under the Ex Post Facto Clause were violating following remand; and (4) the imposition of consecutive terms violated his right to a jury. The second issue is not, of course, a ground for relief standing alone, so it will not be

3

separately addressed.

**I.     *Cunningham* Claim**

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Id.* at 466. In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court explained that "the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.* at 303. This means that the "the middle term prescribed in California's statutes, not the upper term, is the relevant statutory maximum." *Cunningham v. California*, 127 S. Ct. 856, 868 (2007). In *Cunningham*, the Supreme Court, citing *Apprendi* and *Blakely*, held that California's Determinate Sentencing Law violates a defendant's right to a jury trial to the extent that it contravenes "*Apprendi's* bright-line rule: Except for a prior conviction, 'any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt.'" *Id.* (quoting *Apprendi*, 530 U.S. at 490).

Petitioner's sentence included an upper term sentence on the robbery conviction and consecutive sentences on the other counts. *Cabrellis*, 2007 WL 2718401 at *1. In selecting the upper term the court relied upon these factors: "(1) defendant's prior convictions as an adult are numerous; (2) defendant has served prior prison terms or a prior prison term, and (3) defendant's prior performance on probation and parole was unsatisfactory." *Id.* at *2.

*Apprendi* and its progeny contain an exception for prior convictions: the fact of a prior conviction need not be pleaded in an indictment or proved to a jury beyond a reasonable doubt. *Butler v. Curry*, 538 F.3d 624, 643 (9th Cir. 2008) (citing *Apprendi*, 530 U.S at 490, and *Almendarez-Torres v. United States*, 523 U.S. 224, 244 (1998)). The Ninth Circuit has recognized that "the Supreme Court has not overruled the *Almendarez-Torres* exception for prior convictions" and therefore the "obligation to

4

1    apply the *Almendarez-Torres* exception [remains] unless and until it is rejected by the
2    Supreme Court." *Id.* at 643-44. Here, Petitioner was sentenced to the upper term based
3    on several aggravating factors – one of which is that he had prior convictions**.** *Cabrellis*,
4    2007 WL 2718401 at *2. Petitioner's prior convictions clearly fall into the "prior
5    conviction" exception from *Almendarez-Torres* and *Apprendi*. One of the three
6    aggravating circumstances thus was properly found by the sentencing court, rather than a
7    jury.

8    That the trial court also found additional aggravating circumstances – that
9    Petitioner had served prior prison terms or a prior prison term, and that his performance
10   on probation and parole had been unsatisfactory – does not entitle him to habeas relief.
11   "[U]nder California law, only one aggravating factor is necessary to set the upper term as
12   the maximum sentence." *Butler*, 528 F.3d at 641. "[I]f at least one of the aggravating
13   factors on which the judge relied in sentencing [petitioner] was established in a manner
14   consistent with the Sixth Amendment, [petitioner's] sentence does not violate the
15   Constitution." *Id.* at 643. Therefore, as it was within the trial court's discretion to
16   sentence Petitioner to the upper term based solely upon his prior convictions, Petitioner's
17   sentence is constitutional irrespective of "[a]ny additional factfinding" with respect to
18   additional aggravating circumstances. *Id.* Because the trial court relied upon at least one
19   factor "established in a manner consistent with the Sixth Amendment," the sentence
20   Petitioner received did not violate his Sixth Amendment rights.

21   **II.    Ex Post Facto Claim**

22   Petitioner points out that after *Cunningham,* the California legislature amended
23   California's sentencing system to make the sentencing court's choice of the lower,
24   middle, or upper term a matter of discretion. He also contends that the California
25   Supreme Court has held that application of the amended statute to cases remanded for re-
26   sentencing after *Cunningham* does not violate the Ex Post Facto Clause of the
27   Constitution, identifying the case that he believes so held as "Black II;" the cases usually
28   so identified is *People v. Black*, 41 Cal. 4th 799, 815 (2007).  It is unnecessary to

5

consider whether *Black II* so held. In this case the United States Supreme Court remanded to the appellate courts for reconsideration in light of *Cunningham*, and the court of appeal reconsidered its decision and concluded that the sentence imposed in superior court did not violate *Cunningham*. That is, it left the sentence as it was. There was no remand to the sentencing court and no re-sentencing, and the court of appeal clearly did not apply the amended statute. There thus is no factual basis for Petitioner's claim. It is without merit.

### III. Consecutive Sentences

Petitioner's final claim is that the imposition of consecutive sentences violated the *Apprendi/Blakely* rule because it was based on facts not tried to a jury and found beyond a reasonable doubt. Petitioner's argument was recently rejected by the United States Supreme Court in *Oregon v. Ice*, 129 S.Ct. 711 (2009). The Supreme Court held: " [I]n light of historical practice and the authority of States over administration of their criminal justice systems, [] the Sixth Amendment does not exclude Oregon's choice [to have judges rather than juries decide facts leading to imposition of consecutive rather than concurrent sentences]." *Id.* at 714-15. Because the California courts' results on this issue are entirely consistent with Supreme Court law on the matter, the decisions of the California appellate courts were not contrary to, or an unreasonable application of, clearly-established United States Supreme Court authority.

### IV. Denial of Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability in the ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate

must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).

This was not a close case. For the reasons set out above, jurists of reason would not find the result debatable or wrong. A certificate of appealability will be denied. Petitioner is advised that he may not appeal the denial of a COA, but he may ask the court of appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure. *See* Rule 11(a), Rules Governing § 2254 Cases.

## CONCLUSION

The petition for a writ of habeas corpus is DENIED. A certificate of appealability is DENIED. The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: June 22, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\JSW\HC.08\Cabrellis1785.RUL.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CEARIACO CABRELLIS,

        Plaintiff,

  v.

M.C. KRAMER et al,

        Defendant.

Case Number: CV08-01785 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 22, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ceariaco Cabrellis V-63705
FOLSOM STATE PRISON (950)
PO Box 950
Represa, CA 95671

Dated: June 22, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk